O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CARMEN RODRIGUEZ, | ) | Case No.  CV 02-03355 AN |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER RE PLAINTIFF'S PETITION FOR EAJA FEES |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## I.  BACKGROUND

Before the Court is Plaintiff's petition for attorney's fees ("Petition") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the Commissioner's objections to the Petition, and Plaintiff's Reply.  Plaintiff seeks EAJA fees in the total amount of $8639.02 at $150.90 per hour. [Reply at 3].  The Commissioner has opposed the Petition and argues that the Court should deny the Petition for the amount requested because Plaintiff has included a request for compensation for efforts and time on a matter in which he was not a prevailing party and, thus, is not entitled to under the EAJA statute. Additionally, the Commissioner argues that Plaintiff's counsel's claims are poorly documented, unreasonable, and excessive.

/ / /

## II. DISCUSSION

Under the EAJA, a prevailing claimant is entitled to recover reasonable attorney fees unless the government meets its burden of demonstrating that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996). The government's position must be substantially justified at each stage of the proceedings. *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). Whether the government's position was substantially justified is determined under a reasonableness standard – whether the government's position had a reasonable basis in both law and fact. *Pierce v Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541 (1988); *Flores v. Shalala*, 49 F.3d 562, 569-570 (9th Cir. 1995).

In her opposition, the Commissioner does not contend that her position was substantially justified or that special circumstances make an award unjust. Instead, she simply challenges the amount of the fees requested. Accordingly, the Court will proceed with determining what amount of EAJA fees are reasonable and should be awarded.

### 1. Hourly Rates

The $125 hourly rate for attorneys that is statutorily authorized under 28 U.S.C. § 2412(d)(2)(A)(ii) may be adjusted upward to reflect a cost-of-living adjustment ("COLA") due to inflation. *Patterson v. Apfel*, 99 F.Supp. 2d 1212, 1215 (C.D. Cal. 2000). The COLA for the year in which the fees were earned is calculated using a formula that is based upon the Consumer Price Index[1] (the "CPI"). *Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Plaintiff's counsel did not include a copy of the

---

[1]

The CPI is published on a monthly basis, with a multiplier for each month, as well as an annualized multiplier for each year. The CPI is used to adjust rates and account for changes in the cost of living.

Page 2

1  CPI, commonly attached to such motions to justify an increase in the statutory rate.[2/]

2       Plaintiff's Petition and Reply reflect that his counsel seeks fees for services that
3  were rendered for the calendar years of 2002 and 2004, and that the amount of requested
4  fees for attorney services is $8,639.02, representing 57.25 hours of work before the Court
5  at $150.90 per hour, calculated as follows: "[t]he base rate of $125.00 per hour was
6  established March 29, 1996 the CPI-U was then 157.3.  As [o]f September 2004 it
7  became 189.9 on increase of 20.72 percent which equals $25.90 which when added to
8  $125 becomes $150.90, the current proper rate." [Petition at 2,  Reply at 3].  However,
9  "the EAJA set a maximum fee of $75 per hour, which was increased by amendment in
10  1996 to $125 per hour for cases commenced on or after March 29, 1996.  District courts
11  have been determining the cost-of-living adjustment by multiplying the basic EAJA rate
12  by the current consumer price index for urban consumers (CPI-U), and then dividing the
13  product by the CPI-U in the month that the cap was imposed (October 1981 for pre-
14  amendment cases, March 1996 for post-amendment cases)." *Id.* at 1148.  Further, a party
15  seeking EAJA attorney's fees with a cost-of-living adjustment must utilize the adjustment
16  pertinent to the year in which the work was actually performed. *Id.* at 1149.  Therefore,
17  the Court denies counsel's request for attorney fees calculated at $150.90 an hour and
18  must consider rates based upon CPI-adjusted hourly rates of $144.43 (2002) and $151.65
19  (2004) for attorney services provided in these respective years.  The proper formula to
20  calculate the CPI-adjusted hourly rates for the years in question should begin with the
21  statutory EAJA fee amount set in March 1996.  The $125 statutory amount is then
22  adjusted according to the following formula: $125 per hour (where $125 reflects the
23  current statutory amount for fees) x (service year CPI-U)/155.7 (where 155.7 equals the
24  CPI-U of March 1996).  The adjusted EAJA fee rate for 2002 is $144.43 (125 x
25  179.9/155.7).  The adjusted rate for 2004 is $151.65 (125 x 188.90/155.7).

---

[2/]  The Court will use the "Consumer Price Index- All Urban Consumers, U.S. City Average, All Items" which is available through the www.bls.gov website.

### 2. Amount of Time

Fee shifting statutes like the EAJA encourage competent, experienced attorneys to accept cases that they otherwise would not by assuring recovery of a reasonable fee. However, a reasonable fee should be awarded based upon factors that include, but are not limited to, the complexity of the case or the novelty of the issues, and the attorney's expertise and skill. *Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67, 69-70 (9th Cir. 1975). The amount of time reasonably billed for social security appeals varies depending on the complexity of the case, the experience of counsel, and the disposition of the appeal. *See Widrig v. Apfel,* 140 F.3d 1207, 1209 (9th Cir. 1998) (concluding that the district court did not abuse its discretion in reducing an award of attorney's fees in a social security appeal by considering *Kerr* factors and the attorney's insufficient support for his claimed hourly rate). The Court finds that some of the 57.25 hours of attorney time was excessive under the circumstances. This case did not present any complex or novel issues, yet, according to the billing statement, Plaintiff's counsel spent 28.5 hours in 2002 to review the relatively short transcript and prepare his client's portion of the joint stipulation. The Court finds an attorney with the skills and experience of Plaintiff's counsel should have been able to digest the transcript and prepare the joint stipulation in 10.0 hours, not 28.5 hours, therefore, the 2002 attorney time is reduced by 18.5 hours. The Court also finds 6 hours for work performed on January 22, 2004, was excessive by 4 hours and that the reasonable time is 2 hours.

Contrary to the Commissioner's assertion, Plaintiff's motion for admission of new evidence was granted and the new evidence was made a part of the record. [M&O at 6, n. 1.] However, the Court finds that a reasonable amount of time for an experienced counsel to prepare the motion and reply to the opposition to the motion is 8 hours, not 12 hours, therefore, the attorney time is reduced by 4 hours.

Further, the Court finds that a reasonable amount of time for an experienced attorney to prepare the motion for EAJA fees and reply to the opposition to the motion is 2.5 hours, not 5 hours, therefore, the attorney time is reduced by 2.5 hours.

Page 4

**3.     Amount Awarded**

Based upon the foregoing, Plaintiff is awarded EAJA fees for attorney services calculated as follows:

| EAJA FEES - Attorney Time | | | |
|---|---|---|---|
| Year | CPU ADJ. Rate | Hours | Fee Amt. ($) |
| 2002 | 144.43 | 13.50 | 1949.81 |
| 2004 | 151.65 | 14.75 | 2236.84 |
| Total | | | 4186.65 |

The total EAJA fees awarded to Plaintiff's counsel is $4,186.65.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Petition is granted in part, and Plaintiff's counsel is awarded total EAJA fees of $4,186.65.

IT IS SO ORDERED.

DATED:  February 14, 2006           /s/ Arthur Nakazato
                                                         ARTHUR NAKAZATO
                                                  UNITED STATES MAGISTRATE JUDGE